Aaron H. Gould, Esq.
PODVEY, MEANOR, CATENACCI, HILDNER,
COCOZIELLO & CHATTMAN, P.C.
The Legal Center
One Riverfront Plaza, 8th Floor
Newark, New Jersey 07102
(973) 623-1000
*Attorneys for Plaintiff*
*Branchburg Commerce Park, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRANCHBURG COMMERCE PARK, LLC<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST and HARTFORD FIRE INSURANCE COMPANY<br><br>Defendants. | Civil Action No.:<br><br><br><br>**COMPLAINT AND**<br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Branchburg Commerce Park, LLC ("Branchburg") with its principal place of business at 110 Woodfern Road, Neshanic Station, NJ 08853, for its Complaint against Defendants Hartford Insurance Company of the Midwest ("Hartford Midwest") and Hartford Fire Insurance Company ("Hartford Fire") (collectively "Hartford"), with principal place of business at Hartford Plaza, Hartford, CT 06115 and through its attorneys, Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C., respectfully states as follows:

## THE PARTIES

1. Branchburg is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 110 Woodfern Road, Neshanic Station, NJ 08853.

2. Hartford Midwest is a corporation organized under the laws of the State of Indiana with its principal place of business at Hartford Plaza, Hartford, CT 06115.

3. Hartford Fire is a corporation organized under the laws of the State of Connecticut with its principal place of business at Hartford Plaza, Hartford, CT 06115.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* and the applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B.

5. Venue is proper in the United States District Court for the District of New Jersey pursuant to 42 U.S.C. § 4053 and the terms of Standard Flood Insurance Policy issued to Branchburg pursuant to the National Flood Insurance Act of 1968, which provide that suit should be filed in the United States District Court of the district in which the insured property was located at the time of the loss.

## NATURE OF THE COMPLAINT

6. Hartford provided flood insurance coverage to Branchburg pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.* and the applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, for Branchburg's non-residential condominium unit located at 110 Woodfern Road, Unit A, Neshanic Station, NJ 08853 (the "Property") under the terms of the Standard Flood Insurance Policy, General Property

Form (the "Policy").  Pursuant to the Policy, Branchburg submitted a claim to Hartford for building and contents damages caused by an April 30, 2014 flooding event at the Property (the "Flood Event").

7. Hartford paid Branchburg for its damages to contents, but denied the claim for building damages on September 9, 2014, based on the incorrect basis that the Policy does not provide building coverage to a non-residential condominium unit.

### FACTS COMMON TO ALL CAUSES OF ACTION

*The Property*

8. The Property is a non-residential condominium unit originally owned and developed by Branchburg.

9. Branchburg built out the Property and installed all fixtures and equipment therein.

10. Branchburg owns and has owned at all operative times a controlling interest in the condominium association in which the Property resides.

11. In November 2013, Branchburg sold the Property to Margin Holdings, Ltd. ("Margin").

12. At the time of the sale to Margin, the Property was leased to Branchburg as tenant (the "Lease").

13. The Lease requires Branchburg to maintain flood insurance on the Property.

14. Branchburg is and was at all operative times the sole tenant and occupant of the Property.

*The Policy*

15. In October of 2012, Hartford sold the Policy to Branchburg through Branchburg's insurance broker proSurant, LLC.

3

16. The Policy had an initial term of October 29, 2012 to October 29, 2013.

17. The Policy was renewed for a term of October 29, 2013 to October 29, 2014.

18. The Policy provides coverage to Branchburg for flood damage to the Property, the fixtures and equipment within the Property, and the contents within the Property.

19. Branchburg has an insurable interest in the Property and the contents, fixtures, and equipment therein pursuant to the terms of its lease with Margin and its role as controlling owner of the condominium association in which the Property resides.

20. The Federal Emergency Management Agency ("FEMA") who administers the National Flood Insurance Program provides that non-residential condominiums should be insured under the General Property Form, which was purchased by Branchburg.

*The Flood Event and Insurance Claim*

21. On April 30, 2014, the Property suffered flooding damages to its interior and the contents therein.

22. Branchburg submitted a timely proof of loss to Hartford for damages to the Property caused by the Flood Event.

23. Branchburg's claim for contents damages was ultimately paid by Hartford.

24. On September 9, 2014, Hartford denied the claim for building damages on the incorrect basis that the Policy does not provide building coverage to a non-residential condominium unit.

25. Branchburg submitted a timely appeal of Hartford's building claim decision to Hartford and FEMA.

26. Hartford also incorrectly denied Branchburg's appeal.

## COUNT ONE
### (Declaratory Judgment)

27. Branchburg repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

28. Under the terms and conditions of the Policy, Hartford is liable for the building and fixture damages to the Property caused by the Flood Event.

29. Hartford incorrectly denied the claim for these covered damages on the basis that the Policy does not provide coverage for a non-residential condominium unit.

30. A controversy exists between the parties concerning coverage under the Policy and Branchburg is entitled to a judicial declaration that the Policy provides coverage for its claim.

**WHEREFORE**, Plaintiff Branchburg Commerce Park, LLC demands judgment against Defendants Hartford Insurance Company of the Midwest and Hartford Fire Insurance Company for damages, fees, costs, and such other and further relief as this Court deems just, equitable and proper.

## COUNT TWO
### (Breach of Contract)

31. Branchburg repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

32. On April 30, 2014, the Property suffered flooding damages constituting a covered event under the Policy.

33. Thereafter, Branchburg complied with the terms of the Policy, and filed a claim for payment thereunder.

34. On September 9, 2014, Hartford incorrectly denied the claim for these covered damages on the basis that the Policy does not provide coverage for a non-residential condominium unit.

35. This denial was a breach of the Policy, whereby Branchburg has been damaged.

**WHEREFORE**, Plaintiff Branchburg Commerce Park, LLC demands judgment against Defendants Hartford Insurance Company of the Midwest and Hartford Fire Insurance Company for damages, fees, costs, and such other and further relief as this Court deems just, equitable and proper.

PODVEY, MEANOR, CATENACCI, HILDNER, COCOZIELLO & CHATTMAN, P.C.
The Legal Center
One Riverfront Plaza, 8th Floor
Newark, New Jersey 07102
(973) 623-1000
*Attorneys for Plaintiff*
*Branchburg Commerce Park, LLC*

By: s/ Aaron H. Gould
　　　AARON H. GOULD

Dated:  September 8, 2015

6

## **JURY DEMAND**

Pursuant to F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

>
> PODVEY, MEANOR, CATENACCI, HILDNER,
> COCOZIELLO & CHATTMAN, P.C.
> The Legal Center
> One Riverfront Plaza, 8th Floor
> Newark, New Jersey 07102
> (973) 623-1000
> *Attorneys for Plaintiff*
> *Branchburg Commerce Park, LLC*
>
> By: s/ Aaron H. Gould_____
>     AARON H. GOULD

Dated:  September 8, 2015

## L. CIV. R. 11.2 CERTIFICATION

I hereby certify that to the best of Branchburg's knowledge, the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

                                  PODVEY, MEANOR, CATENACCI, HILDNER,
                                  COCOZIELLO & CHATTMAN, P.C.
                                  The Legal Center
                                  One Riverfront Plaza, 8th Floor
                                  Newark, New Jersey 07102
                                  (973) 623-1000
                                  *Attorneys for Plaintiff*
                                  *Branchburg Commerce Park, LLC*

                                  By: s/ Aaron H. Gould_____
                                        AARON H. GOULD


Dated:  September 8, 2015